## Hassinger v. Muller

*Raymond J. Lobos,* for plaintiff.

*Jeffrey J. Wood,* for defendants James M. Muller and Sandra L. Muller.

*Mary J. Davis,* for defendants Century 21, Central Penn Associates and Jan Rohrer.

WOELFEL, *J.,* January 28, 1993—Defendants Century 21, Central Penn Associates Inc. and Jan Rohrer have filed a motion to enforce settlement which requests that the court order the plaintiff to execute a document entitled "joint tort-feasor release under Pennsylvania Comparative Negligence Act," a copy of which is attached to the defendants' motion as Exhibit B.

Based upon a review of the motion and the plaintiff's answer thereto, and the representations of counsel to the court at argument on the motion, it is apparent that the parties agree on all of the facts as set forth in the motion and answer with the exception of one point: whether counsel for the defendant mentioned, and if she did, whether counsel for the plaintiff heard, reference to the inclusion

of a "save harmless" clause in the release to be executed in memorialization of the settlement agreement.[*]

"The enforceability of settlement agreements is determined according to principles of contract law. If all of the material terms of the bargain are agreed upon, our courts will enforce the settlement." *Century Inn Inc. v. Century Inn Realty,* 358 Pa. Super. 53, 516 A.2d 765 (1986). The issue in this instance is whether the parties agreed upon all of the material terms. The defendants made it abundantly clear at argument that the save harmless language in the release is critical to their understanding of and willingness to enter into the settlement agreement and the subsequent release. Counsel for the plaintiff represented to the court that his understanding of the settlement agreement did not contemplate save harmless language of the sort included in the release. Counsel for all parties interested in this issue agree that the specific language contained in the save harmless clause was not discussed, and counsel for the defendant indicated that she, when discussing the matter with plaintiff's counsel, only made reference to the save harmless clause, without elaborating upon the contents of that clause.

Counsel for the defendants represented that the joint tort-feasor release attached to her motion as Exhibit B was the standard joint tort-feasor release that she used, which included a save harmless clause, or more accurately a save harmless paragraph, that she was familiar with and used on a routine basis. Counsel for the plaintiff represented to the court his familiarity with joint tort-feasor releases, but that he used a different form that did not indemnify the releasee to the extent which counsel for

---

[*] The parties agreed that the representations of counsel at argument as to the discussions of the parties of September 22, 1992, would serve as evidence in this matter, as opposed to the taking of testimony.

the defendants sought. While counsel for the plaintiff understood that there would be certain indemnification or save harmless language in the agreement that would not require the released defendants to pay twice, he represented to the court that he had no expectation that the release would include save harmless language of the sort or to the extent included in the proposed joint tort-feasor release.

This court finds that the parties did not agree on all of the material terms, and that there apparently was either a lack of communication or a miscommunication between counsel for the parties. Therefore, the court will decline to enforce what has been characterized as a settlement and will deny the defendants' motion.

## ORDER

And now, January 28, 1993, it is hereby ordered that the motion to enforce settlement filed by defendants Century 21, Central Penn Associates Inc. and Jan Rohrer is hereby denied.